## UNITED STATES ex rel. BERTELSEN v. COONEY.

### Civ. A. No. 1849.

United States District Court
W. D. Texas, San Antonio Division.

Aug. 29, 1953.

Richard James Stevens, Chicago, Ill. and Harvey L. Hardy, San Antonio, Tex., for petitioner.

Charles F. Herring, Asst. U. S. Atty., San Antonio, Tex., and Bradford F. Miller, Asst. U. S. Atty., San Antonio, Tex., for defendant.

THOMASON, District Judge.

This cause came on duly and regularly for hearing before the Court on July 21,

1953, and the plaintiff appeared in person and by his attorneys and the defendant appeared in person and by the United States Attorney, and both oral and documentary evidence having been introduced at the hearing, and the evidence being closed, the cause was submitted to the Court for its decision, and the Court being duly advised in the premises, makes the following findings of fact and conclusions of law:

### Findings of Fact

#### I.

The petitioner, William R. Bertelsen, was born May 20, 1920, at Moline, Illinois, and is a citizen of the United States. He received a degree of Doctor of Medicine on June 20, 1947, from the University of Illinois. He attended the Medical School of said University of Illinois from the 7th day of August, 1944, until the 31st day of December, 1945, while an apprentice seaman in the United States Navy Specialized Training Program, from which service he was honorably discharged on December 9, 1947. He continued in attendance at said University of Illinois after his separation from the United States Navy Specialized Training Program until receipt of his degree as above stated. After completion of his internship he was licensed to practice medicine in the State of Illinois on August 16, 1948, and thereafter was engaged in the practice of medicine at Neponset, Illinois, from the date of his license until his induction into the armed services. Petitioner married Alberta Bertelsen on September 21, 1946, to which marriage there was born two children; one on February 11, 1949, and one on October 17, 1951. Petitioner's wife is now expecting another child in September, 1953. Petitioner maintains a bona fide husband-wife, and parent-child relationship to his wife and children.

#### II.

On February 4, 1953, Local Draft Board No. 6, Princeton, Illinois, classified petitioner in Class 1–A and thereafter, pursuant to an order of induction by said Board, the petitioner was inducted into the Army of the United States on May 28, 1953, at Ft. Sheridan, Illinois, as a private. Petitioner is presently assigned for duty and training at the Army Medical Field Service School, Ft. Sam Houston, Texas, which is under the command of Brigadier General James P. Cooney, defendant, which is within the jurisdiction of this Court.

#### III.

Prior to his getting an order to report for induction, petitioner was offered a commission as an officer in the Army of the United States which was declined by him. After his induction, petitioner was again offered a commission as an officer in the Army of the United States, and it was again declined by him. Petitioner is now undergoing a course of training given to all medical officers in the Army upon their being called into active duty from the reserves, which course is designed to indoctrinate them concerning military medical procedures. For a short time prior to assignment to this school, petitioner was temporarily assigned to Brooke Army Medical Center, Ft. Sam Houston, Texas, performing the regular duties of a doctor.

#### IV.

Petitioner was registered for Selective Service, classified by Selective Service, and inducted into the Armed Services pursuant to the provisions of Public Law No. 779, 81st Congress, 50 U.S.C.A.Appendix, § 454 (i), commonly known as the Doctor's Draft Act.

### Conclusions of Law

#### I.

█ The Court has jurisdiction of the subject matter of and the parties to this cause.

#### II.

██ The petitioner was properly and lawfully registered for Selective Service, classified by Selective Service, and inducted into the armed services, pursuant to the provisions of Public Law No. 779, 81st Congress, 50 U.S.C.A.Appendix, § 454(i), commonly known as the Doctor's Draft Act. Petitioner has been assigned to medical duties after his induction into the armed services which are within the contemplation of Public Law No. 779.

## III.

Public Law No. 779, 81st Congress and each provision thereof is constitutional.

Wherefore, petition for writ of habeas corpus is denied and an order will accordingly be entered.